**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                            November 19, 2009

Courtroom Deputy: LaDonne Bush and Nel Steffens
Court Reporter:      Suzanne Claar
Probation:               Robert Ford and Kurt Thoene

**Criminal Action No. 09-cr-00012-REB-1**

*Parties:*                                                                 *Counsel:*

UNITED STATES OF AMERICA,                      Zachary Phillips

    Plaintiff,

v.

1.  PETER W. S. GRIGG,                                   Philip Ogden
                                                                          Allen Gasper
    Defendant.

**CONTINUED SENTENCING MINUTES**

**8:42 a.m.        Court in session.**

Appearances of counsel.

Defendant is present on bond.

On August 21, 2009, the defendant plead guilty to Counts One and Two of the Information.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addenda.

Counsel for the government confirms that counsel has read the presentence report and addenda.

Counsel for the defendant informs the Court that counsel has read and discussed the

presentence report and addenda with the defendant.

Mr. Ogden states that Dr. Wilmot has not arrived.

Defendant's witness, Randall Frank Popineau, sworn.

Direct examination of Rev. Popineau by Mr. Ogden.

No cross examination.

Defendant is sworn.

Statement by the defendant.

Statement by Mr. Ogden on behalf of the defendant.

9:50 a.m.     Court in recess.

10:40 a.m.    Court in session.

Defendant's witness, Mark Wilmot, sworn.

Direct examination of Dr. Wilmot by Mr. Ogden.

Court accepts Mr. Ogden's proffer of Dr. Wilmot as an expert in clinical psychology.

No cross examination.

Continued statement by Mr. Ogden.

Statement by counsel for the government.

11:20 a.m.    Court in recess.

11:55 a.m.    Court in session.

Discussion regarding continuing this matter until 1:30 p.m.

12:00 p.m.    Court in recess.

1:34 p.m.     Court in session.

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties'

- written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

- the **United States' § 5K1.1 Motion for Downward Departure From Sentencing Guideline Range** [#43], filed November 3, 2009, is **GRANTED** consistent with the foregoing findings of this court and the following orders;

- the **Government's Motion to Dismiss the Indictment** [#44], filed November 6, 2009, is **GRANTED**;

- that the defendant's request for probation , which is contained within the defendant's response to the presentence report, which, in turn, is attached to the addendum to the presentence report, is **GRANTED**;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Counts One and Two of the Information;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is sentenced to a term of supervised probation for a term of five years on each of Counts One and Two of the Information, which sentences shall be served concurrently, and during which term and sentence, the defendant shall be subject to the supervision and jurisdiction of this court and its probation department;

5. That while on supervised probation, the defendant shall comply with the following conditions of supervised probation:

- all mandatory conditions of supervised probation, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised probation approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised probation:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised probation;

    - that the defendant shall not possess or use illegally controlled substances;

- that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

- that the defendant shall cooperate in the collection of a sample of defendant's DNA;

- that the defendant shall submit to one drug test within fifteen (15) days of today's date as directed by his probation officer, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

- that at defendant's expense, the defendant shall continue to receive mental health/alcohol/substance abuse treatment, therapy, counseling, testing or education as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment of the defendant;

- that, pursuant to USSG §5B1.3 and §5F1.3, the defendant shall perform 150 hours of community service as directed by his probation officer;

- that, pursuant to USSG §5B1.3(e)(2) and §5F1.2, and as a substitute for imprisonment, at defendant's expense, the defendant shall be placed on home detention as defined further at application note 1 to USSG §5F1.2, for a period of 180 days, commencing on January 1, 2010, at 8:00 a.m.; provided, furthermore, that during this time, (1) the defendant shall remain at defendant's place of residence except for employment and other activities approved in advance by the probation department; (2) the defendant shall configure and provide a telephone service that will accept and facilitate electronic monitoring; and (3) the defendant shall wear any physical device deemed reasonably necessary by his probation officer to implement and facilitate monitoring of this home detention;

6. That no fine is imposed;

7. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $200;

8. That pursuant to the parties' Plea Agreement, Court's Exhibit 1, [#35], and the Preliminary Order of Forfeiture [#40], entered by the court on August 26, 2009, an Order and Judgment of Forfeiture shall be entered under Fed.R.Crim.P. 32.2(b)(3) and 21 U.S.C. § 853 as to Count Three of the Information;

9. That pursuant to the parties' Plea Agreement, Court's Exhibit 1, document #35, the defendant shall abandon and the government shall take possession of the firearms and ammunition of the defendant, now in possession of the DEA, and that are identified specifically in the parties' Plea Agreement at page 5, paragraph 3; and

10. That immediately following this sentencing hearing, the defendant and his counsel shall report in person to probation officer Kurt Thoene who is present in open court to schedule an appointment to read, review, and sign the required conditions of probation.

The Defendant waives formal advisement of appeal.

Discussion regarding home detention and defendant's attendance at the Farley Center in Virginia.

**2:25 p.m.    Court in recess.**

Total time in court:   02:44

Hearing concluded.